UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
SALAHUDDIN SMART,              :
                               :   Civil Action No. 12-7402 (JBS)
          Plaintiff,           :
                               :
     v.                        :   MEMORANDUM OPINION
                               :
TWP OF EVESHAM, et al.,        :
                               :
          Defendants.          :
```

**APPEARANCES:**

Plaintiff pro se
Salahuddin Smart
Camden County Correctional Facility
Camden, NJ  08103

**SIMANDLE,** Chief Judge

    Plaintiff Salahuddin Smart, a pre-trial detainee confined at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.[1]

    Prior to this action, Plaintiff has initiated at least forty-four civil actions in this District over the period of the

---

[1] Although Plaintiff did not submit an application for leave to proceed in forma pauperis, he did not prepay the $350 filing fee and he did submit a certified institutional account statement, which this Court construes as a request for leave to proceed in forma pauperis.

last ten years and, in at least twenty-one of those actions, Plaintiff had his <u>in forma pauperis</u> status revoked.[2]

Civil actions brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the PLRA, a prisoner seeking to bring a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement of all assets and liabilities, which establishes that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  <u>Id.</u>

---

[2] Excluding this matter, the indices of the civil actions filed by Plaintiff in this District are (the actions in which Plaintiff had his <u>in forma pauperis</u> status revoked are marked by an asterisk):  02-5628*, 02-5826*, 02-6090*, 02-6091*, 02-6094*, 03-0954*, 03-1488*, 03-1489*, 03-4670*, 03-4743*, 03-5064*, 03-5247*, 03-5344*, 03-5345*, 03-5376*, 03-5377*, 03-5378*, 03-5495, 03-5572*, 03-5573, 03-5574, 03-6062*, 03-6063*, 03-6064, 03-6065, 03-6066, 03-6195, 04-0157, 04-0453, 04-1860, 04-1861, 04-4424, 04-4960, 04-4961, 04-5015, 05-1777, 06-0138, 07-0955, 07-6102, 07-6103, 08-0181, 08-2258*, 08-2259, 09-0593.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff does not appear to have been confined at the time he brought most of his prior civil actions. Accordingly, Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment

3

payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

In this action, Plaintiff failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2). While Plaintiff did submit a proper certified institutional account statement, <u>see</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007), he failed to submit an affidavit setting forth his assets and liabilities and establishing that he is unable to pay the filing fee.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's request for leave to proceed <u>in forma pauperis</u> will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to apply to re-open within 30 days.[3]

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995).

An appropriate Order will be entered.

        **s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **December 20, 2012**